Justice ROBINSON,
concurring.
I concur in the judgment of the majority as to each of the discovery-related issues addressed in the opinion of the Court. With respect to the revocation of Attorney Mook’s pro hac vice status, however, I feel obliged to state that I perceive no sanc-tionable conduct (let alone conduct warranting the revocation of pro hac vice status) in the depositions of Kristopher Plante and his parents. The complaint in this personal injury action, in which there was the potential for substantial damages, specifically alleged that Kristopher Plante had suffered “severe and permanent injuries to his mind and body” (an allegation that is further described in the opinion of the Court). In view of that allegation, it is my opinion that defense counsel was professionally obliged to conduct discovery as to what other “stressors” might have had a causal effect on Kristopher Plante’s post-accident cognitive state. In carrying out *861 that task by taking the deposition of Kristopher and his parents, I can discern no abusive questioning by Attorney Mook. One or other questions may have wandered into irrelevancy, but that is not uncommon in the deposition process — and I believe that the “no harm no foul” rule would be applicable thereto. I need not go on at length setting forth my views in this regard; suffice it to say that I am convinced that I would be abdicating my responsibility if I did not at least indicate in summary terms this basis for my belief that the pro hac vice status of Attorney Mook should not have been revoked by the trial justice.